SOLOMON ODELL, plaintiff in error, vs. ISAAC T. HARTSFIELD, defendant in error.

A creditor is not bound by the discharge of his debtor, under the honest debtor's Act, unless it appears *in the "entry" on the minutes* of the Courts, that such creditor received notice of the debtor's intention to apply for the benefit of the act.

Information, in Henry Superior Court. Nonsuit by Judge CABANISS, April, 1859.

This was an information or plaint, by Solomon Odell, against Isaac J. Hartsfield, to recover the sum of $500, under the second section of the insolvent debtor's Act of 1801, (*Cobb's Dig. p.* 380–1,) which provides that no debtor "so discharged as aforesaid, shall be arrested or held to bail in *mesne* process, for or on account of any debt or contract entered into prior to his discharge as aforesaid; and any creditor so notified as aforesaid, who shall cause the person of any debtor so discharged as aforesaid, to be arrested, knowing of such discharge, shall forfeit and pay the sum of five hundred dollars, to be recovered by bill, plaint, or information, in any Court having cognizance thereof, one-half to the use of the other creditors of said debtor, and the other moiety to

the sole use of said debtor, of which his creditors shall have no part or benefit; &c."

The plaintiff submitted his proof, showing that he had been arrested by virtue of a *capias ad satisfaciendum* in 1853, and under proceedings had for that purpose, that he had taken the benefit of the honest debtor's Act; and proved by one or more witnesses, that he had notified defendant of his intended application, but no such notice could be found of file or record in the proper office, nor was defendant's name mentioned in the order of discharge, as one of the creditors who had been notified, although the names of many were therein contained, as having been served with such notice.

Plaintiff further proved, that defendant had sued out bail process against him on debts existing at the time of his discharge, as aforesaid, upon which he had been arrested and detained in custody, until he gave bail.

Plaintiff closed, and counsel for defendant moved for a nonsuit on the ground, that plaintiff had failed to prove notice, the order of discharge not containing the name of defendant as one of the creditors, who had been notified.

The Court sustained the motion, and granted the nonsuit, on the ground taken in the motion, and because no such notice had been filed in office as required by the statute. Holding, that to exempt plaintiff from liability to arrest by defendant, either the order of Court discharging him should have contained and recited the fact of defendant's notification, or the notice should have been filed in the Clerk's office, and entry thereof made on the minutes of the Court.

To which decision counsel for plaintiff excepted and assigned the same as error.

CLARK & LAMAR, for plaintiff in error.

L. T. DOYAL; and GEO. M. NOLAN, *contra*.

Odell vs. Hartsfield.

*By the Court.*—BENNING J. delivering the opinion.

Was the nonsuit right?

Is a creditor bound by the discharge of his debtor under the honest debtor's Act, unless it appears on the minutes of the Court, that he had due notice of the debtor's intention to apply for the benefit of the Act? If he is not bound, the nonsuit, it is clear, was right.

The question depends on the meaning of the following words in the fourth section of the honest debtor's Act: "Upon the appearance of such debtor or debtors, at the Court to which he is bound to appear, it shall be lawful for him, her, or them, either in person, or by attorney, to move the Court to be admitted, to take the oath prescribed for the relief of insolvent debtors, or to swear to the schedule previously filed with the Clerk of said Court, agreeably to the provisions of this Act, hereinafter contained; and it shall be the duty of said Court, upon such debtor or debtors making it appear to them, that at least ten days notice has been given in writing, to his, her, or their creditors, of the intention to avail him, her, or themselves, of the benefit of this Act, to administer the oath prescribed for the benefit of insolvent debtors, or to swear him, her, or them, to the schedule as aforesaid, as the case may be, and to direct the Clerk to make an entry of the same upon his minutes, which shall exempt the body of such debtor or debtors, from imprisonment for debt, in all cases where notice may have been given to the creditors, which notice shall be filed with the Clerk of said Court." (*Cobb's Dig.* 387.) To make an entry of the "same"—what does. *same* stand for here? We think it stands for—represents— the *two* things previously mentioned—not only, the administering of the oath by the Court, but also, the making of it appear to the Court, that ten days notice has been given to the creditors.

If we are right in this, the "entry" which the word "same" requires to be made, is an entry to this effect—"A. B. this

day came, and made it appear to the Court, that at least ten days notice, in writing, had been given to C. D. E. F.—his creditors, of his intention to avail himself of the benefit of the Act for the relief of honest debtors, and, thereupon, the Court administered to him the oath prescribed for the benefit of insolvent debtors, (or, swore him to his schedule, as the case may be.)   In an entry to this effect, the names of the creditors appear.   This is the sort of entry which, we think, is called for, by the word, "*same*."

What is to be the operation of the entry?   It is to be, to "exempt the body" of the debtor, "from imprisonment for debt, in all cases where notice may have been given to the creditors."   What cases are these—any others than those mentioned in the entry?   We think not.   The law, in the view which we have taken of it, requires, that the entry shall contain all the cases in which, it was proved, that notice had been given.   It is to be presumed, therefore, that the entry does contain all of those cases.   And the entry is matter of record—is, indeed, we may say, a judgment.   Therefore, to allow the debtor to show, by parol evidence, that there were other cases than those mentioned in the entry in which cases, it was proved, that notice had been given, would be to allow him, to attack collaterally, a record—a judgment.

We think, then, that the operation, the entry is to have, is, to exempt the debtor, from arrest, by the creditors mentioned in the entry, but not to exempt him from arrest, by other creditors.

Our conclusion, then is, that the creditors who are mentioned in this entry, are the only creditors bound by it—at least, that this is so, until the entry, if erroneous, and amendable, shall have been amended in the regular way.

And with this conclusion, corresponds what was suggested in *Coleman & Starr vs. Dickerson*, (10 *Ga. R. 551*.)

Judgment affirmed.